UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN F. WENDEL,

    Plaintiff,

v.                                        CASE NO. 8:08-CV-0536-T-23EAJ

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Entry of Judgment of Attorney's Fees and Costs** (Dkt. 27) and Defendant's **Memorandum of Law in Opposition** (Dkt. 28).[1] On February 29, 2008, Plaintiff filed a complaint in state court regarding Defendant's handling of an insurance claim for damage to Plaintiff's home suffered during the 2004 hurricane season (Dkt. 2). A November 13, 2008 appraisal of the damage revealed that Plaintiff's losses were in excess of the compensation offered by Defendant prior to the lawsuit (Dkt. 23 at 2). On February 6, 2009, the court held that Plaintiff had successfully sued Defendant and was thus entitled to attorneys' fees pursuant to Fla. Stat § 627.428 ("§ 627.428") (Id. at 3).[2]

---

[1] Plaintiff's motion has been referred to the undersigned for a report and recommendation (Dkt. 29).

[2] In a written fee agreement, Plaintiff and Plaintiff's counsel stipulated that Plaintiff's counsel would be entitled to the greater of: 1) an award under the contingency fee schedule, or 2) court-awarded attorneys' fees (Dkt. 27 Ex. A-2). See e.g. Foodtown, Inc. of Jacksonville v. Argonaut Ins. Co., 102 F.3d 483, 484 & n.2 (11th Cir. 1996) (per curiam) ("Under this type of agreement, a court may apply a contingent risk multiplier and award reasonable attorneys' fees which exceed the amount of the fees under the percentage-of-recovery alternative.").

## Analysis

### I. Attorneys' Fees

Plaintiff's attorneys' fees time sheet includes a total of ninety-three (93) entries by one attorney, two paralegals, and one investigator, each identified by his/her initials (Dkt. 27 Ex. A; Dkt. 27 Ex. A-1). "KCB" refers to K.C. Bouchillon, Esq. who billed 23.7 hours at $350.00 per hour; "LLN" refers to Lori Nightlinger, a paralegal who billed 2.5 hours at $125.00 per hour; "SMS" refers to Sherry Strickland, a paralegal who billed 14.8 hours at $125.00 per hour; and "MRM" refers to Mark Myers, an investigator who billed 4.0 hours at $125.00 per hour (Dkt. 27 Ex. A; Dkt. 27 Ex. A-1). Plaintiff represents that these individuals spent a total of 45.0 hours on Plaintiff's case over a period of 2.5 years for a total of $10,937.50 in attorneys' fees (Dkt. 27 Ex. A-1).[3]

Pursuant to § 627.428, an insured who secures a judgment against its insurer is entitled to "a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had." To assess a reasonable amount of attorneys' fees, the federal courts use a "lodestar" formula by which the number of hours reasonably expended is multiplied by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Florida Supreme Court has adopted the federal lodestar approach to determining reasonable attorneys' fees. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985).

The Eleventh Circuit has recognized that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these

---

[3] Although entry 27 on Plaintiff's attorneys' fees time sheet indicates Mr. Bouchillon spent 0.2 hours reviewing correspondence at $350.00 per hour, the total charge is $50.00 rather than the expected $70.00 (Dkt. 27 Ex. A-1). This $20.00 discrepancy is further reflected in the grand total of $10,937.50, which would otherwise total $10,957.50 (Id.). The court shall treat the discrepancy as a discount to the amount of attorneys' fees charged by Plaintiff's counsel.

determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Further,

> [t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. Webb v. Bd. of Educ. of Dyer County, 471 U.S. 234, 242 (1985); ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

**a. Reasonable Hourly Rate**

According to Plaintiff's attorneys' fees expert, a reasonable hourly rate for an attorney of Mr. Bouchillon's experience is $350.00 per hour (Dkt. 27 Ex. B). By contrast, Defendant's attorneys' fees expert sets Mr. Bouchillon's reasonable hourly rate at $315.00 per hour (Dkt. 28 Ex. A).

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. Federal courts determining a reasonable hourly rate under Florida law may also consider Rule 4-1.5(b) of the Florida Rules of Professional Conduct[4].

---

[4] Rule 4-1.5(b) provides that the following factors should be considered when determining a reasonable hourly fee:

(1) The time and labor required, the novelty, complexity, and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature.

3

See e.g. Alea London, Ltd. v. Sea Garden Hospitality Mgmt., No. 6:06-CV-1683-ORL-22UAM, 2008 WL 89807, at *2 (M.D. Fla. Jan. 7, 2008); Zunde v. Int'l Paper Co., No. 3:98CV439-J-20B, 2000 WL 1763843, at *2 (M.D. Fla. July 20, 2000) ("In order to properly determine the lodestar amount, a trial court should consider the criteria set forth in Rule 4-1.5(b) of the Florida Rules of Professional Responsibility.").

Plaintiff's expert submits that Mr. Bouchillon is "among the most experienced" of those attorneys in Polk County, Florida who represent plaintiffs in first-party insurance disputes (Dkt. 27 Ex. B). The expert further asserts that $350.00 per hour is a reasonable rate for an attorney of Mr. Bouchillon's experience and in accordance with prevailing rates in the area (Id.).

Despite Plaintiff's burden of establishing that a $350.00 per hour rate is reasonable, Plaintiff fails to provide evidence regarding several of the factors in Rule 4-1.5(b). For example, there is no

---

(4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained.

(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services.

(8) Whether the fee is fixed or contingent, and, if fixed as to the amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

Under Florida law, a court must consider each factor "except the 'time and labor required,' the 'novelty and difficulty of the question involved,' the 'results obtained,' and '[w]hether the fee is fixed or contingent.'" Bell v. U.S.B. Acquisition Co., 734 So. 2d 403, 406-07 (Fla. 1999); Rowe, 472 So. 2d at 1150-51.

evidence concerning Mr. Bouchillon's reputation, diligence, or ability in general or his skill, expertise, or efficiency regarding this particular case. Because Plaintiff does not indicate how long Mr. Bouchillon has been practicing law, which bears on his experience and ability, the court relies on Defendant's expert's assertion that "Mr. Bouchillon has been licensed to practice law since 1994" (Dkt. 28 Ex. A at 2). Having considered Mr. Bouchillon's fifteen years of experience, the location of his practice, and the court's knowledge of market rates, the court finds that $315.00 per hour is a reasonable hourly rate for Mr. Bouchillon's services.

**b. Hours Reasonably Expended**

In addition to disputing the hourly rate for Plaintiff's attorneys' fees, Defendant further contends that "it [cannot] be said to be reasonable to pay $10,000.00 in attorneys' fees for a $13,000.00 judgment" (Dkt. 28 at 7).[5] Further, Defendant's expert submits that the court should disregard: 1) 8.4 hours for work undertaken before the filing of the complaint; 2) over 7.0 hours for work with "inadequate descriptions;" and 3) 1.8 hours spent litigating the amount of attorneys' fees (Dkt. 28 Ex. A at 2-3).

**i. Pre-Suit Time Entries**

Plaintiff's time sheet includes hours predating the February 29, 2008 filing of his complaint,

---

[5] Defendant cites Trumbull Ins. Co. v. Wolentarski, 2 So. 3d 1050 (Fla. 3d DCA 2009), in support of this proposition. In Trumbull, the court recognized that, regardless of the actual hours spent litigating a case, a court may award attorneys' fees only for those hours reasonably expended on the case. Id. at 1056-57. Defendant overlooks that the hours expended on a case may be reasonable despite a "great disparity between the monetary sum recovered in the case and the amount of the attorney's fee." State Farm Fire & Cas. Co. v. Palma, 555 So. 2d 836, 838 (Fla. 1990) (approving $253,500 attorneys' fees award under § 627.428 for 650 hours of work on suit to recover $600 in medical bills); see e.g. Hartford Accident & Indem. Co. v. Bosworth, 382 So. 2d 1345, 1346 (Fla. 5th DCA 1980) (finding trial court had discretion to award $9,000 in attorneys' fees under § 627.428 although plaintiff sued for and recovered only $4,746.15 in outstanding medical bills).

including entries from as far back as September 7, 2006 (Dkt. 27 Ex. A-1). The first entry is for 3.0 hours billed by Plaintiff's investigator to "attend inspection by Adjuster at request of client" (Id.). Other pre-suit entries concern correspondence between Plaintiff's counsel and Defendant (Id.).

Although the plain language of § 627.428 contemplates fees incurred "prosecuting the suit in which the recovery is had," construing the statute to preclude necessary pre-suit fees would defeat its goal to "place [the insured] in the place it would have been if [the insurer] had seasonably paid the claim without causing [the insured] to retain counsel and incur obligations for attorney's fees." Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP, 900 So. 2d 676, 679 (Fla. 4th DCA 2005). Attorneys fees under § 627.428 are therefore properly awarded for pre-suit work necessitated by an insurer's unreasonable conduct. U.S. Fid. & Guar. Co. v. Rosado, 606 So. 2d 628, 629 (Fla. 3d DCA 1992) (per curiam) (citing Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217, 219 n.2 (Fla. 1983)); but see Dunworth v. Tower Hill Preferred Ins. Co., No. 05-14019-CIV, 2006 WL 889424, at *2-3 (S.D. Fla. Feb. 14, 2006) (denying attorneys' fees under § 627.428 for pre-suit activities because "[t]he narrow sense of the statute's use of the phrase 'prosecuting the suit' should only include those fees incurred after the Plaintiffs' formal initiation of their litigation and not pre-suit activities").

Here, Defendant disputed the amount of loss suffered by Plaintiff from the start but waited until Plaintiff filed a lawsuit, more than three years later, to seek an appraisal (Dkt. 23 at 2). The fact that Plaintiff declined to file suit immediately and instead attempted to communicate with Defendant through his attorney does not render his attorney's pre-suit efforts unnecessary. Because the pre-suit efforts by Plaintiff's counsel were relevant to the subsequent litigation and were necessitated by Defendant's conduct, Plaintiff's pre-suit time entries should not be discounted merely because they

6

predate the filing of the complaint.

### ii. Vague Time Entries

A determination of the hours reasonably expended by counsel should exclude those hours which are "'excessive, redundant or otherwise unnecessary.'" Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434). Consequently, the court may discount a time entry when the description of the work performed is overly vague. See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1318 (M.D. Fla. 2003).

Plaintiff's time sheet includes several entries that require a discount due to vagueness. In particular, the repeated description "[receive] and review facsimile" (entries 33, 49, 55, 63, 68, 69, 74, 77, 81, 86, and 92) is overly vague (Id.). There is no indication as to who sent these facsimiles or, aside from their presence in the time sheet, how they are pertinent to this suit. Consequently, a reduction in hours is appropriate.

### iii. Entries Relating to the Amount of Attorneys' Fees

Defendant is correct that § 627.428 does not permit an award of attorneys' fees for time spent litigating the amount of the fees. See State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 833 (Fla. 1993); Oquendo v. Citizens Prop. Ins. Corp., 998 So. 2d 636, 637-38 (Fla. 3d DCA 2008). Thus, Plaintiff is not entitled to fees for time spent preparing a spreadsheet outlining counsel's fees and costs or for time spent on a telephone conference on February 10, 2009, the latter presumably regarding litigation of the fee amount.

### iv. Other Issues with Plaintiff's Time Sheet

Attorneys' fees are not recoverable for "work that is clerical or secretarial in nature." Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002). Work by

paralegals is thus "recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.'" Id. (quoting Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

Plaintiff's time entries include tasks such as making copies (entry 4), duplicating a DVD (entry 59), and sending or receiving facsimiles or correspondence[6] (entries 33, 38, 47, 49, 53, 55, 63, 68, 69, 70, 72, 74, 76, 77, 81, 82, 83, 86, 87, and 92). Because these tasks are clerical or secretarial in nature, they are not properly included in Plaintiff's request for attorneys' fees.

### v. **Reduction to Reasonable Number of Hours**

As the Eleventh Circuit recently recognized, the court either conducts an hour-by-hour analysis of the requested hours or applies an across-the-board reduction (if necessary) to reduce the number of hours to those deemed reasonable. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008) (per curiam). The court is to apply either method, but not both. Id. An across-the-board reduction is appropriate where billing records are so voluminous that an hour-by-hour analysis would require the court to "engag[e] in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

For the reasons stated above, a reduction of the hours billed in Plaintiff's attorneys' fees time sheet is appropriate. Nonetheless, it is obvious that the bulk of the time entries are meritorious as they relate to specific pleadings, communications between Plaintiff and Plaintiff's counsel, or communications between Plaintiff's counsel and Defendant's counsel. The circumstances presented warrant an across-the-board reduction of ten percent of the hours billed in Plaintiff's time sheet. In determining this percentage, the court finds that several instances of vagueness among the ninety-

---

[6] These entries typically bill for both sending or receiving a facsimile/correspondence and reviewing the facsimile/correspondence. The court does not take issue with billing to review a document but finds the mere act of sending or receiving a facsimile or letter is clerical in nature.

three time entries, combined with instances of clerical work or work related to the amount of attorneys' fees, require an across-the-board paring of the time claimed by that amount. See e.g. id. (finding no error where trial court reduced submitted hours by 16% due to vagueness and excessive billing); St. Fleur v. City of Fort Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005) (per curiam) (unpublished) (approving across-the-board reduction of thirty percent where district court noted problems including duplicated efforts, excessive attorney meetings, and charges for administrative tasks). Had Plaintiff's counsel been more detailed in its time entries, the court's review could have been similarly precise.

Applying this reduction, Mr. Bouchillon's billable hours should be reduced from 23.70 to 21.33 which, at a rate of $315.00 per hour, would entitle Plaintiff to $6,718.95 for Mr. Bouchillon's services. The total hours billed by the paralegals and the investigator should be reduced from 21.30 to 19.17 which, at a rate of $125.00 per hour, would entitle Plaintiff to $2,396.25 for their services. Over an approximately two-and-one-half-year period, it was reasonable for Plaintiff's attorney, paralegals, and investigator to spend a total of 40.5 hours communicating with Plaintiff and working on Plaintiff's lawsuit. Multiplying these hours by the corresponding reasonable hourly rates, Plaintiff should be awarded $9,115.20 in attorneys' fees.

#### c. Contingency Fee Multiplier

Where a court awards attorneys' fees pursuant to § 627.428 and "a risk of nonpayment is established," the court may apply a multiplier to increase the amount of the award. Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990). In determining the necessity of a multiplier, the court should consider

> (1) whether the relevant market requires a contingency fee multiplier to obtain

9

competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Id. Based on these factors, the court has discretion to apply a contingency fee multiplier from 1 to 2.5 with constraints based on the likelihood of success at the outset. Palma, 629 So. 2d at 833 (citing Quanstrom, 555 So. 2d at 834).

Plaintiff offers little or no evidence that securing counsel would have been particularly troublesome in the relevant market absent the possibility of a multiplier. Further, although Plaintiff's counsel may have been unable to mitigate the risk of non-payment, it is unclear whether Plaintiff could have paid a portion of counsel's fees.[7] Neither Plaintiff's entitlement to judgment based on the appraisal nor Plaintiff's entitlement to attorneys' fees was a particularly complex issue and resolution of these issues did not require exceptional skill. See Philip Ledington, Inc. v. Assurance Co. of Am., No. 2:06-CV-208-FTM-29SPC, 2007 WL 2714095, at *7 (M.D. Fla. Sept. 17, 2007); U.S. Sec. Ins. Co. v. LaPour, 617 So. 2d 347, 348 (Fla. 3d DCA 1993) (per curiam) (finding trial court abused its discretion in applying multiplier to "run of the mill [automobile insurance] case, where the services of an attorney were necessary in order to 'coax' the insurer into paying"). Moreover, neither the amount involved in this case nor the results obtained were extraordinary. See Coy v. Allstate Floridian Ins. Corp., No. 2:05-CV-103-FTM-34DNF, 2007 WL 1732098, at *8 (M.D. Fla. June 14, 2007); Progressive Express Ins. Co. v. Schultz, 948 So. 2d 1027, 1032 (Fla. 5th DCA 2007) (declining to apply multiplier to "fairly unremarkable contract case involving a dispute

---

[7] Statements that Plaintiff is "a young man with modest means" who could not afford to pay "all" of counsel's fees or an hourly rate of $350.00 per hour (Dkt. 27 at 9-10; Dkt. 27 Ex. B) are given little weight insofar as they do not state the extent to which Plaintiff could have paid some of these fees.

over $1,315"). Altogether, Plaintiff has not demonstrated entitlement to a fee multiplier in this case.

## II. Costs

In addition to requesting attorneys' fees associated with the prosecution of his suit, Plaintiff also seeks reimbursement of $8,733.99 in related costs (Dkt. 27 at 13). Plaintiff and his expert submit that any taxing of costs in this matter is governed by Fla. Stat. § 57.041 (Dkt. 27 at 12; Dkt. 27 Ex. B at 4), which provides that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." Fla. Stat. § 57.041(1).

Even in diversity cases, however, the taxation of costs by a federal court is controlled by federal law rather than state law. Zunde, 2000 WL 1763843, at *5; see e.g. Alea London, 2008 WL 89807, at *6 (awarding attorneys' fees under § 627.428 and costs under 28 U.S.C. § 1920); Ledington, 2007 WL 2714095, at *7 (same). Specifically, Rule 54(d), Fed. R. Civ. P., allows for recovery of those costs enumerated in 28 U.S.C. § 1920. Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006). Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

### a. Costs for Umpire and Appraisal

Plaintiff asks that he be awarded over $5,000 in costs stemming from the appraisal and the associated services of an umpire (Dkt. 27 Ex. A-1). Defendant responds that "[u]nder the appraisal provision of the insurance policy in this case, each party shall bear the cost of its chosen appraiser and the other costs of appraisal and umpire equally" (Dkt. 28 at 6). Plaintiff does not dispute Defendant's characterization of the policy terms.

Neither umpire fees nor appraisal fees may be awarded as costs under § 1920. Thus, regardless of the policy terms, this court may not award such costs in this matter.[8]

### b. Costs for Experts

Plaintiff also requests a total of $2,050.00 in costs associated with the services of Thomas Mack, an expert on damage estimation, and Thomas Saunders, an expert on attorneys' fees (Dkt. 27

---

[8] Moreover, Plaintiff would not be entitled to recover these costs under Florida law. "Florida courts have ruled that the provisions contained in an insurance policy are controlling with regard to awarding costs associated with appraisal." 316, Inc. v. Maryland Cas. Co., No. 3:07cv528/RS/MD, 2008 WL 3926863, at *7-8 (N.D. Fla. Aug. 21, 2008) (citing Allstate Ins. Co. v. Martinez, 790 So. 2d 1151 (Fla. 3d DCA 2001)). Although Plaintiff argues that it would be "manifestly unjust" to require Plaintiff to pay for the appraisal and umpire, Plaintiff offers no legal authority for the notion that the express provisions of an insurance policy should be ignored and the prevailing party's costs reassigned to the losing party where they represent a substantial portion of a judgment. To the contrary, Plaintiff and Defendant "agreed to these costs when they entered into the insurance contract." Grow v. First Nat'l Ins. Co. of Am., No. 3:06cv11/MCR/MD, 2008 WL 141481, at *5 (N.D. Fla. Jan. 11, 2008). Because the clear language of the policy establishes Plaintiff's responsibility for these costs, Plaintiff should not recover them from Defendant. See e.g. 316, Inc., 2008 WL 3926863, at *8 ("Plaintiff is not entitled to reimbursement for the fee paid to its appraisers, or for the costs and expenses associated with the appraisal, because the clear and unambiguous language of the policy bars such recovery. The umpire fees should be unrecoverable for the same reasons."); Grow, 2008 WL 141481, at *5 (declining to relieve insured of "contractual obligations" to bear cost of personal appraiser and split cost of umpire and other appraisal expenses); Martinez, 790 So. 2d at 1152 (finding trial court erred in awarding costs for appraiser and umpire where policy directed they be borne or split by insured).

at 13; Dkt. 27 Ex. A-1). However, fees for expert witnesses are "clearly nonrecoverable" in federal court. See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (citing Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983)); see also Murphy, 548 U.S. at 297 (noting that "'costs' is a term of art that generally does not include expert fees.") (citation and internal quotation marks omitted). Plaintiff should not be entitled to compensation for fees charged by Mr. Mack or Mr. Saunders. See e.g. Moore v. Appliance Direct, Inc., No. 6:08-CV-317-ORL-19DAB, 2009 WL 909271, at *4 (M.D. Fla. Apr. 1, 2009).

### c. Other Requested Costs

Although Plaintiff requests costs incurred for facsimiles, "file set up," counsel's mileage, postage, legal research, telephone calls, and interest (Dkt. 27 Ex. A-1), these costs are not properly taxable because they are not enumerated within § 1920. See Duckworth, 97 F.3d at 1399; Philip Ledington, Inc., 2007 WL 2714095, at *7; Coy, 2007 WL 1732098, at *9. However, Plaintiff should receive his costs incurred for filing fees ($255.00), service of process ($15.00), and copies ($102.75). See Keymark Corp. of Fla. v. Empire Fire and Marine Ins. Co., No. 6:07-CV-963-ORL-18KRS, 2008 WL 4186991, at *2 (M.D. Fla. Sept. 8, 2008); Coy, 2007 WL 1732098, at *9.

### Conclusion

Because Plaintiff provided insufficient evidence to establish that $350.00 per hour is a reasonable hourly rate for Mr. Bouchillon's services, Mr. Bouchillon's rate should be decreased to $315.00 per hour. Moreover, the 45.0 hours billed in Plaintiff's time sheet should be reduced by ten percent to 40.5 hours due to vagueness and other problems. Because Plaintiff has not established that application of a multiplier is warranted in this case, Plaintiff should be awarded $9,115.20 in attorneys' fees. Plaintiff should further be awarded $372.75 in costs pursuant to 28 U.S.C. § 1920.

13

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Entry of Judgment of Attorney's Fees and Costs (Dkt. 27) be **GRANTED IN PART and DENIED IN PART** as set forth above;

(2) Plaintiff be awarded $9,115.20 in attorneys' fees; and

(3) Plaintiff be awarded $372.75 in costs.

**Date: June 17, 2009**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).

Copies to:

District Judge
Counsel/Parties of record